IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Stewart R. Buchanan, a/k/a Daphne Renee Stewart, | ) ) ) | C/A No.: 1:22-1129-DCN-SVH |
| Plaintiff, | ) ) ) | |
| v. | ) ) | ORDER AND NOTICE |
| SCDC Canteen Branch Chief and SCDC Director Bryan Stirling, | ) ) ) ) | |
| Defendants. | ) ) | |

Stewart R. Buchanan, also known as Daphne Renee Stewart[1] ("Plaintiff"), proceeding pro se, filed this complaint alleging violations of her Fourteenth Amendment rights and state law claims. She sues the South Carolina Department of Corrections ("SCDC") Canteen Branch Chief and SCDC Director Bryan Stirling (collectively "Defendants"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.    Factual and Procedural Background

Plaintiff alleges Defendants violated her Fourteenth Amendment rights by charging her $533.67 for a typewriter with retail value of $299.95. [ECF No.

---

[1] The court refers to Plaintiff using female pronouns, according to the request in the complaint ("Being transgender, Plaintiff requests to be referred to in the feminine gender." ECF No. 1 at 14 ¶5).

1 at 5]. Plaintiff further alleges Defendants deprived her of procedural due process by prohibiting her from viewing the typewriter before purchasing and refusing returns or refunds. *Id.* at 18. She also asserts state law claims, over which she claims this court has supplemental jurisdiction.

II. Discussion

    A. Standard of Review

Plaintiff filed her complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v.*

*City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

B.   Analysis

Plaintiff has not shown she has a due process right to a fair market price of items while incarcerated. "There is no federal constitutional requirement that jails must provide inmates with a canteen at which to purchase food items

3

at any price." *Muhammad-Abdullah v. Albemarle Charlottesville Reg'l Mail*, No. 7:08-cv-0327, 2008 WL 2271231, at *2 (W.D.Va. June 2, 2008) (citing *Tokar v. Armontrout*, 97 F.3d 1078, 1083 (8th Cir. 1996)). Moreover, inmates have no constitutionally-protected right to purchase items in the prison canteen at the lowest price possible. *Gray v. Stolle*, No. 3:11CV546, 2013 WL 4430915, at *5 (E.D.Va. Aug. 16, 2013) (citing *Collins v. Virginia*, No. CIVA 7:06CV00326, 2006 WL 1587467, at *1 (W.D.Va. June 6, 2006).

Plaintiff's complaint claims she "has a property interest in her money" deposited in her trust account that is protected by the Fourteenth Amendment. To the extent Plaintiff claims she has been deprived of a property interest, she does not have a cognizable claim pursuant to 42 U.S.C. §1983 because she has an adequate state-court remedy for such personal-property issues under the South Carolina Torts Claim Act ("SCTCA"). *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Mora v. City of Gaithersburg*, 519 F.3d 216, 230–31 (4th Cir. 2008). The United States Court of Appeals for the Fourth Circuit has held that a federal district court should deny § 1983 relief if state law provides a plaintiff with a viable post-deprivation remedy for the loss of personal property—even if the deprivation was caused by an employee of the state, an employee of a state agency, or an employee of a political subdivision of a state. *Yates v. Jamison*, 782 F.2d 1182, 1183–84 (4th Cir. 1986). This holding applies regardless of whether the inmate's property loss was the result of negligence

4

or an intentional act of the state employee or employees. *Hudson v. Palmer*, 468 U.S. at 533 (extending the holding of *Parratt v. Taylor*, 451 U.S. 527 (1981) to intentional deprivations of property); *see also Bogart v. Chapell*, 396 F.3d 548, 557 n.7, 561 (4th Cir. 2005) (South Carolina has meaningful post-deprivation remedies of "conversion/trespass to chattels" for personal property loss caused by county employees).

Under South Carolina law, Plaintiff's claims relating to her property interest in her money are cognizable under the SCTCA. *See* S.C. Code Ann. §§ 15-78-10 through 15-78-220. The provisions of the SCTCA encompass both negligent and intentional losses of property proximately caused by a person employed by the State of South Carolina, a state agency, or political subdivision of the state while acting within the scope of his or her employment. *See* S.C. Code § 15-78-70(a) ("This chapter constitutes the exclusive remedy for any tort committed by an employee of a governmental entity."). Accordingly, Plaintiff's claims relating to her personal property are cognizable under the SCTCA because Defendants are employees of SCDC. Plaintiff can file a verified claim of her alleged personal property loss with SCDC under the Act. S.C. Code § 15-78-80(a)(1) ("A verified claim for damages under this chapter, setting forth the circumstances which brought about the loss, the extent of the loss, the time and place the loss occurred, the names of all persons involved if known, and the amount of the loss sustained may be filed . . . with the agency employing

5

an employee whose alleged act or omission gave rise to the claim...."). As Plaintiff does not have a cognizable federal claim, her state law claims are likewise subject to summary dismissal for lack of jurisdiction.[2]

## NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in her complaint by filing an amended complaint by **April 29, 2022**, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims specified above be dismissed without leave for further amendment.

IT IS SO ORDERED.

April 8, 2022  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

---

[2] To the extent Plaintiff argues this court may maintain supplemental jurisdiction over her state law claims, the undersigned would recommend the court decline to exercise such jurisdiction.