# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| STEWART R. BUCHANAN, a/k/a ) <br> DAPHNE RENEE STEWART, ) <br> ) <br> Plaintiff, ) <br> ) No. 1:22-cv-01129-DCN <br> vs. ) <br> ) **ORDER** <br> SCDC CANTEEN BRANCH CHIEF and ) <br> SCDC DIRECTOR BRYAN STIRLING, ) <br> ) <br> Defendants. ) <br> _____) | |

This matter is before the court on plaintiff Stewart R. Buchanan, a/k/a Daphne Renee Stewart's ("Buchanan")[1] motion to alter or amend judgment, ECF No. 20. For the reasons set forth below, the court denies the motion.

## I. BACKGROUND

Buchanan was, at all relevant times, an inmate of the South Carolina Department of Corrections ("SCDC") at the Perry Correctional Institution. Buchanan alleges that the SCDC's Canteen Branch Chief and defendant SCDC Director Bryan Stirling (together, "defendants") improperly sold Buchanan a typewriter for $533.67 even though the typewriter only had a retail value of $299.95. ECF No. 1 at 16 ¶¶ 17, 20. Buchanan also alleges that defendants did not allow Buchanan to view the typewriter before purchasing it and refused returns or refunds for the typewriter, as well as for several typewriter ribbons that she claims not to have ordered.

---

[1] Buchanan requests that the court refer to her with female pronouns, ECF No. 1 at 14 ¶ 5, and the court does so in this order.

1

On April 7, 2022, Buchanan, proceeding pro se, filed the instant action against defendants. ECF No. 1. On April 28, 2022, Buchanan filed an amended complaint. ECF No. 9, Amend. Compl. The amended complaint alleges various claims, including a violation of Buchanan's Fourteenth Amendment due process rights, state law claims for fraud and misrepresentation, and a violation of the South Carolina Unfair Trade Practices Act. Id. Pursuant to 28 U.S.C. §§ 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) (D.S.C), all pretrial proceedings in this case were referred to Magistrate Judge Shiva V. Hodges. On May 11, 2022, Magistrate Judge Hodges entered a report and recommendation ("R&R") recommending that Buchanan's claims be dismissed. ECF No. 11. Over Buchanan's objections, the court adopted the R&R and dismissed the action with prejudice on May 17, 2022. ECF No. 15. On June 16, 2022, Buchanan filed a motion to alter or amend judgment. ECF No. 20. The motion is ripe for review.

## II.  STANDARD

Federal Rule of Civil Procedure 59(e) allows a party to file a motion to alter or amend a judgment. The rule provides an "extraordinary remedy which should be used sparingly." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (internal quotation marks and citation omitted). The Fourth Circuit recognizes "only three limited grounds for a district court's grant of a motion under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available earlier; or (3) to correct a clear error of law or prevent manifest injustice." Wilder v. McCabe, 2012 WL 1565631, at *1 (D.S.C. May 2, 2012) (citing Hutchinson v. Staton, 994 F.2d 1076 (4th Cir. 1993)). To qualify for reconsideration under the third exception, an order cannot merely be "maybe or probably" wrong; it must be "dead

2

wrong," so as to strike the court "with the force of a five-week-old, unrefrigerated dead fish." TFWS, Inc. v. Franchot, 572 F.3d 186, 194 (4th Cir. 2009) (quoting Bellsouth Telesensor v. Info. Sys. & Networks Corp., 1995 WL 520978, *5 n.6 (4th Cir. 1995) (unpublished)). Ultimately, the decision whether to reconsider an order resulting in judgment pursuant to Rule 59(e) is within the discretion of the district court. See Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995).

### III.   DISCUSSION

The magistrate judge recommended dismissal of all Buchanan's causes of action for failure to state a claim. The magistrate judge first recommended dismissal of Buchanan's constitutional claims because courts do not recognize a due process right to a fair market price at a prison Canteen. ECF No. 11, R&R at 4 (collecting cases). Furthermore, the magistrate judge noted that Buchanan does not have a cognizable claim under 42 U.S.C. § 1983 because the South Carolina Torts Claims Act ("SCTCA"), S.C. Code Ann. § 15-78-10, et seq., provides an adequate state-court remedy for claims involving deprivation of personal property. The magistrate judge ultimately did not reach the merits of Buchanan's state-law claims and whether they were actionable under the SCTCA. Since only state-law claims remained, those claims were subject to dismissal for lack of subject matter jurisdiction. R&R at 6. The court adopted the R&R in full. ECF No. 15.

Now, Buchanan argues that an order altering or amending the court's dismissal of the case is necessary for all three permitted reasons for seeking such an order: to accommodate an intervening change in controlling law, to correct clear error, and to prevent manifest injustice. ECF No. 20 at 1. The court addresses each argument in turn.

### A. Intervening Law

First, Buchanan argues that the magistrate judge failed to consider intervening law. In support, Buchanan cites a District of South Carolina case for the proposition that prisoners have a due process interest in their prison account. See Tolen v. Byars, 2012 WL 5928664, at *2 (D.S.C. Aug. 31, 2012) (citing Burks v. Pate, 119 F. App'x 447 (4th Cir. 2005)). This case does not represent an intervening change in the law and is instead already reflected in the R&R and order. Buchanan is correct that an inmate has a protected property interest in her prison trust account. However, Buchanan alleges that she was deprived of due process because defendants overcharged her for a typewriter, not because she was denied "notice and an opportunity for a hearing prior to the debiting of h[er] prison trust account." Burks, 119 F. App'x at 451. The distinction is meaningful because courts uniformly recognize that "[i]nmates have no constitutionally protected interest in purchasing . . . goods in the prison Canteen at the lowest price possible." Gray v. Stolle, 2013 WL 4430915, at *5 (E.D. Va. Aug. 16, 2013) (citing Collins v. Virginia, 2006 WL 1587467, at *1 (W.D. Va. June 6, 2006). Since Tolen does not represent an intervening change in the law, the court denies Buchanan's motion on that basis.

### B. Clear Error

Second, Buchanan argues that the court committed clear error by failing to consider Buchanan's second amended complaint, and the magistrate failed to screen the same under 28 U.S.C. § 1915A. ECF No. 20 at 2. Buchanan claims that her second amended complaint was erroneously listed on the docket as a motion to amend when it was in fact a new amended complaint. See ECF No. 14. As a preliminary matter, the court does not find that it was necessarily an error to label Buchanan's filing as a motion

4

to amend.  Buchanan's latest "amended complaint" was filed <u>after</u> the R&R was issued, meaning she did not automatically have leave to amend as a matter of course.  <u>See</u> <u>Harrison v. MidFirst Bank, FSB</u>, 2014 WL 12858106, at *3 (N.D. Ga. Apr. 18, 2014), <u>report and recommendation adopted</u>, 2014 WL 12858107 (N.D. Ga. May 20, 2014) (explaining that a court has discretion to deny leave to amend where the plaintiff files an amended complaint after the R&R is entered); <u>see also</u> Fed. R. Civ. P. 15(a)(1) (noting that a party may only amend its pleading once as a matter of course).

Moreover, the court considered Buchanan's filing, regardless of the form it took.  At bottom, the magistrate judge's reasons for dismissing the original and amended complaint continued to apply with equal force to Buchanan's "second amended complaint."  Again, the law is clear that Buchanan does not have a protected property interest in the price of goods at the Canteen.  <u>Gray</u>, 2013 WL 4430915, at *5; <u>cf.</u> <u>Moore v. Ozmint</u>, 2012 WL 762460, at *10 (D.S.C. Feb. 16, 2012) ("Canteen access is also not a protected liberty interest.").  Thus, her latest argument that she subsequently amended her claim asserting a "fair market value" property interest into a claim about a "state-created property interest" is equally unavailing.  ECF No. 20 at 2.  The court denies Buchanan's motion to alter or amend, finding no clear error.

### C. Manifest Injustice

Finally, Buchanan argues that it was manifest injustice to dismiss the case with prejudice.  The court dismissed the case with prejudice because Buchanan was provided with ample "opportunity to amend her complaint" but failed to do so.  R&R at 6.  Buchanan argues that the court committed manifest injustice by failing to apply a four-factor test for dismissing the complaint with prejudice.  ECF No. 20 at 5.  Buchanan

correctly identifies the Fourth Circuit's four-factor test for dismissing a plaintiff's action with prejudice due to a failure to prosecute or, as in this case, a failure to comply with the Federal Rules or a court order. See Fed. R. Civ. P. 41(b); Chestnut v. Comstock, 2015 WL 3966427, at *2 (D.S.C. June 29, 2015) (citing Doyle v. Murray, 938 F.2d 33, 34 (4th Cir. 1991)). Under these Doyle factors, Rule 41(b) dismissal is appropriate based on "(1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused [by the plaintiff's failure to comply], (3) the existence of a drawn out history of deliberately proceeding in a dilatory fashion, and (4) the existence of sanctions less drastic than dismissal." Chestnut, 2015 WL 3966427, at *2.

As a general matter, the court need not delve into every factor to find that dismissal with prejudice did not result in manifest injustice. As the Fourth Circuit has explained, a court does not abuse its discretion in dismissing a complaint with prejudice when a plaintiff "ignore[s] the dictates of the Local Rules and the district court's express instructions for amending [the] complaint." Sorto v. AutoZone, Inc., 821 F. App'x 188, 194 (4th Cir. 2020); see also Attkisson v. Holder, 925 F.3d 606, 625 (4th Cir. 2019) (affirming the dismissal of a complaint with prejudice based on the plaintiff's failure to comply with the court's instructions in amending their complaint and continued inclusion of claims that the court had previously dismissed). Even in terms of the Doyle factors, pro se plaintiffs may be found responsible for their own failures to comply with the court orders, and courts may consider whether a pro se litigant "ha[s] pursued multiple actions" in federal court, resulting in "undue expenditure" of the court's time.[2] Chestnut, 2015

---

[2] Like the plaintiff in Chestnut, Buchanan "is no stranger to federal court." Chestnut, 2015 WL 3966427, at *3. In addition to this case, Buchanan has filed several others. See, e.g., Buchanan v. JumpStart S.C., No. 1:21-cv-00385-DCN-SVH, 2022 WL

WL 3966427, at *3.  In short, the dismissal of Buchanan's action with prejudice did not result in manifest injustice.

## IV.  CONCLUSION

For the reasons set forth above, the court **DENIES** the motion to alter or amend.

**AND IT IS SO ORDERED.**

                          **DAVID C. NORTON**
                          **UNITED STATES DISTRICT JUDGE**

**March 3, 2023**
**Charleston, South Carolina**

---

3754732 (D.S.C. Aug. 30, 2022); Buchanan v. Bowie, No. 1:14-cv-01846-DCN, 2014 WL 4536344 (D.S.C. Sept. 9, 2014); Buchanan v. Byars, No. 1:13-cv-02489-DCN, 2013 WL 6019317 (D.S.C. Nov. 13, 2013); Buchanan v. Brown, 3:10-cv-02833-DCN, 2011 WL 121642 (D.S.C. Jan. 13, 2011).